IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IVAN BURLEY #315059, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | NO. 3:21-cv-00551 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| MAGAN DIXON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM**

Plaintiff Ivan Burley, a pretrial detainee at the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro civil rights Complaint under 42 U.S.C. § 1983 (Doc. No. 1) against Magan Dixon and United Parcel Service (UPS). Plaintiff also filed an application to proceed as a pauper. (Doc. No. 7). This action is before the Court for a ruling on the application and an initial review of the Complaint. For the following reasons, this action will be **DISMISSED**.

### I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize an inmate to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's application to proceed as a pauper (Doc. No. 7) reflects that he cannot pay the filing fee in advance without undue hardship, so it will be **GRANTED**. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

### II. INITIAL REVIEW

The Court must dismiss the Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court also must liberally construe pro se pleadings and hold them to "less

stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**A. Factual Allegations**

This lawsuit concerns actions taken in October 2015 at a UPS store in Hendersonville, Tennessee. Plaintiff alleges that Dixon, the owner/operator of the store, conspired with the 18th Judicial District Drug Task Force ("Drug Task Force") to "open a package in an effort to initiate criminal proceedings against" him. (Doc. No. 1 at 5). Plaintiff alleges that, by opening a package at the direction of Drug Task Force agents, Dixon conspired with the Drug Task Force. (*Id.* at 4–5). He alleges that Dixon's actions caused him to experience "multiple arrests and property seizures," "mental and emotional injury," and "financial loss." (*Id.* at 5). Plaintiff also alleges that UPS failed to train and supervise its franchise owners. (*Id.*).

Plaintiff sues Dixon and UPS, asserting claims under the Fourth, Fifth, and Eighth Amendments. (*Id.* at 3, 5). He requests monetary damages. (*Id.* at 5).

**B. Legal Standard**

To determine if the Complaint fails to state a claim under for the purpose of initial review, the Court applies the Rule 12(b)(6) standard. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

2

**C. Analysis**

"There are two elements to a § 1983 claim. First, a plaintiff must allege that a defendant acted under color of state law. Second, a plaintiff must allege that the defendant's conduct deprived the plaintiff of rights secured under federal law." *Handy-Clay v. City of Memphis, Tenn.,* 695 F.3d 531, 539 (6th Cir. 2012) (citations omitted).

1. <u>Failure to Disclose Previous Cases</u>

As an initial matter, the Court notes that Plaintiff has filed two previous civil cases against Dixon and UPS based on the same allegations raised in this Complaint. He filed the first case in February 2017, and the Court dismissed it for two reasons: neither Dixon nor UPS were state actors for the purpose of Section 1983, and the case was untimely under the one-year statute of limitation for Section 1983 claims filed in Tennessee. *See Burley v. United Parcel Service, et al.*, No. 3:17-cv-00370, Doc. No. 4 (M.D. Tenn. Feb. 28, 2017). Plaintiff filed the second case in August 2019, and the Court again dismissed his federal claims as untimely. *See Burley v. Humphries-Dixon, et al.*, No. 3:19-cv-00728, Doc. No. 5 (M.D. Tenn. Jan. 24, 2020).[1]

Plaintiff did not disclose these cases on the complaint form, despite there being a clear prompt to describe all lawsuits filed "in state or federal court dealing with the same facts involved in this action." (*See* Doc. No. 1 at 9–10 (disclosing other cases against other defendants)). Indeed, the complaint form specifically states, "*If there is more than one lawsuit, describe the additional lawsuits on another page.*" (*Id.* at 9 (emphasis in original)).

A party's failure to disclose litigation history on a complaint form may be grounds for sanctions, including dismissing the complaint without prejudice, if the Court finds that the party's actions were taken in bad faith. *See Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012);

---

[1] The Court declined to exercise supplemental jurisdiction over any state-law claims raised in this action and dismissed them without prejudice. *See Burley*, No. 3:19-cv-00728, Doc. No. 5.

3

*Bostic v. Tenn. Dep't of Corr.*, No. 3:18-cv-00562, 2018 WL 3539466, at *1 n.1 (M.D. Tenn. July 23, 2018) (quoting *Hood v. Tompkins*, 197 F. App'x 818, 919 (11th Cir. 2006)) (advising plaintiff who misrepresented litigation history on complaint form "that '[a] district court can impose sanctions if a party knowingly files a pleading containing false contentions'"). Here, the prompt on the complaint form was clear, and Plaintiff's allegations suggest a familiarity with the Court's rationale for dismissing one of the cases discussed above. (*See* Doc. No. 1 at 5 ("I am only now learning of the liability of defendants as state actors.")). Moreover, Plaintiff chose to disclose two previous cases bringing different claims against different defendants, while failing to disclose two previous, directly related cases against the same defendants. (*See id.* at 9–10). It therefore appears that Plaintiff's failure to disclose may have been deliberately deceptive or in bad faith.

The Court will exercise its discretion not to dismiss the Complaint on this basis in this case. However, Plaintiff is strongly advised to fully complete all sections of the complaint form in any future case he may file, as the failure to disclose previous lawsuits—especially lawsuits based on the same allegations against the same defendants—justifies dismissing a complaint. *See Scott v. Babik*, No. 2:04-CV-29, 2006 WL 374504, at *2 (W.D. Mich. Feb. 17, 2006) (collecting cases where "courts have dismissed a prisoner-plaintiff's complaint when failing to accurately apprise the court of other litigation").

2. <u>Res Judicata</u>

The dismissal of Plaintiff's two previous cases against Dixon and UPS also implicates the doctrine of res judicata. Although it is an affirmative defense, *see* Fed. R. Civ. P. 8(c), a district court may raise the matter of res judicata sua sponte "in certain circumstances." *Hutcherson v. Lauderdale Cnty., Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003) (collecting cases). These circumstances include "when 'a court is on notice that is has previously decided the issue presented.'" *Neff v.*

*Flagstar Bank, FSB*, 520 F. App'x 323, 327 (6th Cir. 2013) (quoting *Arizona v. California*, 530 U.S. 392, 412 (2000)). That is the case here.

The Sixth Circuit explains that res judicata, also referred to as claim preclusion, "prevents parties from litigating matters that 'should have been advanced in an earlier suit.'" *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 766 (6th Cir. 2015) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). This doctrine applies where there is: "(1) 'a final judgment on the merits' in a prior action; (2) 'a subsequent suit between the same parties or their privies'; (3) an issue in the second lawsuit that should have been raised in the first; and (4) that the claims in both lawsuits arise from the same transaction." *Id.* (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)).

This action checks all the res judicata boxes: (1) the Court's dismissal of Plaintiff's two previous related cases, including on statute of limitations grounds, "are judgments on the merits" for res judicata purposes, *id.* at 767 (citations omitted); (2) the Defendants here are the same Defendants as in the two previous cases; (3) Plaintiff's allegations reflect that he was aware of the facts giving rise to his claims at the time he filed the two previous cases; and (4) all three cases arise from the same transaction.

Plaintiff may argue that he could not have previously litigated this action because he is "only now learning of the liability of [Dixon and UPS] as state actors." (Doc. No. 1 at 5). But that is a bare legal conclusion—one that does not alter the Court's conclusion that Plaintiff was aware of the facts giving rise to his claims at the time he filed the two previous cases.[2] Accordingly, the

---

[2] The Court also notes that, regardless of any preclusion issue, Plaintiff's allegations do not establish Defendants' state-actor status. "Section 1983, by its own terms, applies only to those who act 'under color' of state law." *Weser v. Goodson*, 965 F.3d 507, 515 (6th Cir. 2020). Private persons, like Defendant Dixon, may be considered state actors under Section 1983 if they "engaged in a conspiracy or concerted action with other state actors," in which case the persons "may be liable if they willfully participate in joint action with state agents." *Id.* at 516 (quoting *Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 905

5

issues in this case either were or should have been litigated in a previous case, even if Plaintiff disagrees with the resolution of those cases. *Wheeler*, 807 F.3d at 767 (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)) ("[C]laim preclusion . . . applies to all final judgments, even those with which a party disagrees.").

### III. CONCLUSION

For these reasons, Plaintiff's application to proceed as a pauper (Doc. No. 7) will be **GRANTED** and this action will be **DISMISSED** based on the doctrine of res judicata.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

(6th Cir. 2004)). That is what Plaintiff says happened here. (*See* Doc. No. 1 at 5 (alleging that Dixon "knowingly and willingly conspire[d] with the" Drug Task Force)). But to demonstrate a civil conspiracy, a party must show that "the alleged coconspirator shared in the general conspiratorial objective" to "injure another by unlawful action." *Weser*, 965 F.3d at 516 (quoting *Am. Postal Workers Union*, 361 F.3d at 905). And Plaintiff's allegation regarding the existence of a conspiracy is entirely conclusory. *See Moldowan v. City of Warren*, 578 F.3d 351, 395 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)) ("It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").